F. C. MOSES *as Sheriff*, *et al.*, v. BENJAMIN F. WHITE.

No. 209.

1. APPELLATE PRACTICE—*errors not excepted to, and bill of exceptions not allowed, not considered.* The Appellate Court cannot consider alleged errors which have not been properly excepted to, nor a bill of exceptions not properly allowed by the court, and where the alleged errors are insufficient to cause a reversal of the judgment of the district court, such judgment will be affirmed; but none of these questions are grounds for dismissing the petition in error.

2. —— *no motion for new trial, only question whether conclusions of law and judgment are sustained by findings.* In an action for an injunction in which affidavits are introduced in evidence, and in which no motion for a new trial has been filed, we can only determine whether the conclusions of law and judgment are supported by the findings of fact made by the court.

3. HOMESTEAD—*abandonment of, determined by intention.* A homestead having been once established, it is a question of in-

tention as to whether it has been abandoned.  The intention may be shown by the acts and declarations of the person claiming the homestead, but if he leaves it temporarily, intending to return and occupy it as a homestead, the homestead continues as long as the intention remains.

Error from Montgomery District Court.  Hon. J. D. McCue, Judge.  Opinion filed December 22, 1897. *Affirmed.*

*Ergenbright & Banks*, for plaintiffs in error.
*Albert L. Wilson*, for defendant in error.

DENNISON, P. J.  This is an action for an injunction, commenced in the District Court of Montgomery County, Kansas, by Benjamin F. White, as plaintiff, against F. C. Moses, Sheriff, and C. J. Corbin, as defendants.  The petition alleges that the defendants are about to sell under execution a certain eighty acres of land which is the homestead of said White and his family.  The defendant filed a motion to dissolve the temporary injunction, and the court heard such motion, which was supported by affidavits, and counter affidavits were heard in opposition to the motion.  The motion was overruled, and the cause was submitted upon the evidence offered in support of the motion.  The court rendered judgment against the defendants, making the temporary injunction perpetual, and for costs.  The defendants bring the case here for review.

A motion has been filed to dismiss this case for the reason that the errors alleged in the petition in error have not been properly excepted to and are insufficient to cause a reversal of the case, and for the reason that the bill of exceptions contained in the transcript attached to the petition in error, was not properly allowed by the court.  These

1. Errors not considered.

reasons, if true, would be grounds for affirming the judgment, but not for dismissing the petition in error.

No motion for a new trial was filed, and we cannot consider any errors alleged to have been committed during the trial of the case. We can determine only the question whether the conclusions of law and the judgment are supported by the findings of fact made by the court.

2. No motion for new trial.

The conclusion of law made by the court is as follows :

"That the said eighty acres of land described in plaintiff's petition was and is the homestead of said plaintiff and his family, and as such is exempt from forced sale under the execution levied thereon."

The judgment restrained the Sheriff and judgment creditor from selling the homestead under the execution.

The findings of fact show that the defendant in error and his family resided upon the land described in the petition until the only house thereon was destroyed by fire, and "that at all times since moving from said farm and at the time of so moving it has been and now is the intention of the plaintiff to return with his family to and occupy said farm as a place of residence as soon as he shall be able to build a suitable house thereon."

The homestead having been once established, it is a question of intention as to whether it has been abandoned. The intention may be shown by the acts and declarations of the person claiming the homestead, but if he leaves it temporarily, intending to return and occupy it as a homestead, the homestead continues as long as the intention remains.

3. Abandonment of homestead.

It is immaterial whether the evidence in this case supports the findings of fact, as we are precluded from

inquiring into the evidence because of the absence of a motion for a new trial. Some of the findings of fact relate to the things which the defendant in error did while he was absent from the farm, but this conduct is to be considered in determining the question of intention. The pivotal question is, Did he intend to return to the land and occupy it as a homestead, and did this intention remain with him from the time he left the land until this action was commenced? The findings of fact determine this question in favor of the defendant in error, and for the purposes of this case such findings must be taken as true.

The judgment of the District Court will be affirmed.