No. 19,020.

J. D. ROSE and ETTA MAY ROSE, *Appellants*, v. THE FARMERS AND MECHANICS BANK OF OSAWATOMIE, *Appellee.*

SYLLABUS BY THE COURT.

1. HOMESTEAD—*Execution Levied on Land Claimed as Homestead—Evidence—Instructions.* In an action to recover damages for the alleged wrongful levy of an execution on lands claimed by plaintiffs as their homestead, it is held that under the facts shown in the evidence and findings there was no error in an instruction which charged that if the plaintiffs at some time occupied the land as a homestead and the house became unfit to live in and for that reason they left the premises, it would not lose its homestead character, provided they proceeded within a reasonable time to make preparation for the return to the same, but that a long-continued residence elsewhere without any act on their part to prepare for a residence on the premises was a circumstance to be considered by the jury in determining the character of the absence from the land and the intent of the plaintiffs.

2. HOMESTEAD — *Instruction — Not Erroneous.* In view of the evidence an instruction is approved which charged that if the jury found from the evidence that plaintiffs took no step to show their present intention to erect buildings for the purpose of residing upon the land as a homestead, and in fact never occupied it as a homestead, it would be the duty of the jury to find for the defendant.

3. SAME—*New Trial—Refusal Not Error.* In the present case there was no error in refusing to grant a new trial in view of the findings of the jury, based upon sufficient evidence, to the effect that plaintiffs had never occupied the premises as a homestead.

Appeal from Miami district court; JABEZ O. RANKIN, judge. Opinion filed May 8, 1915. Affirmed.

*E. J. Sheldon,* and *S. J. Shively,* both of Paola, for the appellants.

*J. E. Maxwell,* of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

PORTER, J.: In this action plaintiffs sought to recover damages for the levy of an execution on lands claimed by them as their homestead. The judgment was for defendant, and plaintiffs appeal.

The errors assigned relate to the instructions and the refusal to grant a new trial. Plaintiffs' abstract sets forth certain requested instructions which the court refused, and two instructions which were given; also the evidence of Mrs. Rose, but makes no reference whatever to evidence offered by the defendant directly contradicting her testimony. The certificate recites that this is a true and correct abstract "including the charge of the court and special instructions asked for by plaintiffs so far as the same are set out and referred to by us and used by us in support of the arguments on the errors complained of." This is not a fair way to present for consideration errors of the kind and character assigned in the present case. Defendant's counter-abstract shows the fifteen instructions given by the court and also the evidence favorable to the plaintiffs as well as that favorable to the defendant, together with the special findings of the jury, which are against the plaintiffs. The instructions given fully covered the law governing the case, and, moreover, those which the court refused do not correctly state the law.

Rose v. Bank.

The land consists of a farm of eighty acres which belonged to Mrs. Rose. · When plaintiffs were married, in November, 1897, there was no house on the land. In the spring of 1898 plaintiffs moved an old house to the place, in which they claim they lived for two years. The house was blown down in 1903, and their testimony is that they then moved to another house a short distance away but continued to farm the land, intending to return and rebuild the house as soon as they were financially able. They continued to farm the land until 1906. Since then it has been rented. They never returned to live on the land, and at the time of the trial had done nothing towards rebuilding the house. The bank obtained a judgment against the plaintiffs in 1908 and the land was sold on execution in June, 1909.

The plaintiffs requested the court to instruct that if at the time of the levy it was their intention later to occupy the premises as their homestead and they regarded it as such this would constitute the premises their homestead even though they had never actually lived thereon. They also requested an instruction to the effect that if the reason they had not actually lived on the land was because there was no house thereon, the same was a homestead from and after the time they tilled the land with the intention of claiming the same as a homestead and living thereon as soon as they were able to build a house. These instructions were properly refused; they do not state the law as applied to the facts.

In the instructions given the court, after defining a homestead, charged that if the land was at any time occupied by plaintiffs in good faith as their homestead it would continue to be such until by some act of theirs equivalent to an abandonment of the homestead it became divested of that character; that while actual occupancy is a necessary and essential element, it need not be instantaneous and contemporaneous with the purchase, but there must be a present intention to oc-

cupy the premises as a home and not merely an intention to occupy it at some future time; that the character of the occupancy and the character of the absence from the premises are matters largely to be determined by the intent of the parties; that if the plaintiffs at some time occupied the land as a homestead and the house became unsuitable to live in and for that reason they left the land it would not lose its homestead character if they proceeded within a reasonable time to make preparation for a return to the same, but that a long-continued residence elsewhere without any act on the part of the plaintiffs to reconstruct buildings or otherwise prepare for a residence thereon was a circumstance for the consideration of the jury in determining the character of the absence from the land and the intent of the parties. The court further charged that if the jury found from the evidence that plaintiffs took no steps to show their present intention to erect buildings for the purpose of residing upon the land as a homestead, and in fact never did occupy it as a homestead, it would be the duty of the jury to find for the defendant.

The authorities cited by plaintiffs are not in point. In *Coal Co. v. Judd,* 6 Kan. App. 487, 50 Pac. 943, and in *Moses v. White,* 6 Kan. App. 558, 51 Pac. 622, it was conceded that the owners of the land had established a homestead thereon, and the question was whether they had left it for a temporary purpose with the intention of returning or whether they had abandoned it. It was held in both cases that this was largely to be determined by the intention. It was not conceded in this case that the plaintiffs ever occupied the land as their homestead. The findings of the jury, which are shown in the counter-abstract but not referred to in the abstract of the plaintiffs, are that the plaintiffs never resided upon the land at all.

We are unable to concur in the statement in plaintiffs' brief that "after the house blew down in 1903,

appellants had to move off, but continued to farm the land until 1906 and then rented it until this levy was made.    All these facts are admitted and none disputed."

The defendant called as witnesses five or six persons who had lived for a great many years in the immediate neighborhood of the land.    Some of them owned and occupied land adjoining that in question.    All of them were acquainted with the plaintiffs.    Most of them had known Mrs. Rose from the time she was a little child, and her husband since the marriage.    These witnesses testified that the plaintiffs had never resided upon the land.    The jury appear to have believed the testimony of the neighbors.    It is obvious that there was no error in refusing to grant a new trial.

The judgment is affirmed.