No. 20,393.

E. A. FREDENHAGEN and FLORENCE S. FREDENHAGEN, *Appellees*, v. THE NICHOLS & SHEPARD COMPANY, *Appellant*, et al.

SYLLABUS BY THE COURT.

1. HOMESTEAD—*Abandonment—Educating Children.* A homestead is not abandoned by its owner where he, intending to return, leaves with his family and moves to a city in another county to educate his children, though later he sells the homestead and never returns.

2. SAME—*Evidence—Findings Conclusive.* The findings of the triers of fact are conclusive where different conclusions can reasonably be reached from the evidence, although the evidence is not conflicting.

Appeal from Linn district court; CHARLES E. HULLETT, judge. Opinion filed November 11, 1916. Affirmed.

*M. B. Nicholson, W. J. Pirtle,* both of Council Grove, and *C. E. Freeman,* of Topeka, for the appellant.

*T. F. Garver, R. D. Garver,* both of Topeka, *W. H. McCamish,* of Kansas City, and *John A. Hall*, of Pleasanton, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The defendant Nichols & Shepard Company appeals from a judgment quieting the plaintiffs' title to certain land in Linn county. This land was a farm and was occupied by E. S. Proctor and his family as a homestead for a long time prior to the 1st day of February, 1912. About that time he and his family left the farm and moved to Kansas City. In April following Proctor and his wife conveyed the farm to the plaintiffs. In October, 1895, defendant Nichols & Shepard Company obtained a judgment against E. S. Proctor in the district court of Linn county for the sum of $1095.36, with interest, which judgment has been kept alive by executions. In the present action the plaintiffs sought to quiet their title to the land as against that judgment.

1. Was the land the homestead of E. S. Proctor and his family at the time of its sale to the plaintiffs? The cause was tried by the court without a jury and the court found that the plaintiffs

were the owners in fee simple and in the actual possession of the real property; that the judgment of Nichols & Shepard Company was not a lien upon the land, and that none of the defendants had any interest, right, title, estate or lien, in or upon the real property or any part thereof.

Nichols & Shepard Company makes a strong argument to show that the land was not exempt from the lien of the judgment at the time of the sale to the plaintiffs. That question is one of fact to be established by the evidence. That fact was determined by the trial court and judgment was rendered.

The evidence to establish that the farm was the homestead of E. S. Proctor and his family at the time of the sale to the plaintiffs, was principally that of Proctor himself, who testified, in substance, that when he left the farm he expected and intended to return to, and reside upon it; that he considered the farm the permanent home of himself and his family; that he had no intention whatever of abandoning it as his homestead; that he did not change his intention in any way until he conveyed the property to the plaintiffs, and that it was his intention to educate his children in Kansas City. Under the decisions of this court, this evidence was sufficient to justify the court in finding that the farm was the homestead of E. S. Proctor at the time of the sale to the plaintiffs. (*Coal Co. v. Judd,* 6 Kan. App. 487, 50 Pac. 943; *Moses v. White,* 6 Kan. App. 558, 51 Pac. 622; *Palmer v. Parish,* 61 Kan. 311, 59 Pac. 640; *McGill v. Sutton,* 67 Kan. 234, 237, 72 Pac. 853; *Elliott v. Parlin,* 71 Kan. 665, 81 Pac. 500; *Mercantile Co. v. Blanc,* 79 Kan. 356, 99 Pac. 601.)

2. Evidence was introduced tending to show that the homestead had been abandoned. Although it can not be said that the evidence was contradictory, different minds might reasonably have drawn different conclusions therefrom. If taken alone, the evidence to establish that the farm was the homestead of Proctor and his wife was such as should convince any reasonable man that the homestead had not been abandoned. The evidence to the contrary, if considered alone, was such as would convince a reasonable man that the homestead had been abandoned. This makes the findings of the trial court conclusive in this court. (*O'Neal v. Bainbridge,* 94 Kan. 518, 146 Pac. 1165.)

The judgment is affirmed.