No. 26,803.

The Citizens State Bank of Sabetha, *Appellant,* v.
E. Bird, *Appellee.*

SYLLABUS BY THE COURT.

Homesteads—*Abandonment—Question of Fact for Trial Court.* Whether a
homestead, shown to have been once established, has been abandoned is a
question of fact to be determined by the trial court, and the finding of the
trial court upon that question, if supported by competent evidence, is bind-
ing upon this court.

Appeal from Nemaha district court; C. W. Ryan, judge. Opinion filed
October 9, 1926. Affirmed.

*James L. Haley,* of Sabetha, for the appellant.
*Clifford W. Baldwin,* of Seneca, for the appellee.

The opinion of the court was delivered by

Harvey, J.: This is an appeal from an order setting aside an
attachment, upon the ground that the property attached was the
homestead of defendant. Plaintiff contends that the evidence did
not justify the ruling. The sole question before us is whether there
was competent evidence sufficient to support the order and judgment
of the court.

On October 24, 1924, plaintiff sued upon a promissory note, which
had been executed by the defendant, E. Bird, and others. There was
no personal service upon defendant Bird; but with the petition
plaintiff filed an attachment affidavit and bond. An order of at-
tachment was issued and a levy made upon a certain residence prop-
erty in Sabetha, which was duly appraised. The defendant Bird
filed his motion to dissolve the attachment upon the ground that the
property attached was his homestead and as such was exempt from
the levy of attachment, and for other reasons, which need not here be
noted. This motion was heard, in part upon affidavits and in part
upon oral testimony. The evidence disclosed that defendant bought
the property in question in 1907, taking the title in his own name,
and that he moved upon the property and resided there with his
family, consisting of himself, his wife, and their minor son. Later
he transferred the title from himself to his wife, but the family con-

Appeal and Error, 4 C. J. p. 845 n. 87. Homesteads, 29 C. J. pp. 802 n. 24,
936 n. 40, 938 n. 61, 965 n. 60.

tinued to reside there until the death of his wife, in 1916. Defendant continued to reside upon the property. Later he married a second time, and he and his wife resided upon the property until the latter part of August, or early in September, 1924, about which time they sold their personal property and went to Pennsylvania, where the wife had relatives. The question turns upon whether defendant abandoned his homestead at that time. He testified that he had no intention of leaving Sabetha permanently, or of abandoning his homestead; that his absence was temporary in character, and that it was his intention to return to and occupy the property.

While there is some evidence to the contrary, there is much to support the contention of defendant. The court found that the property was the homestead of defendant at the time he and his wife went to Pennsylvania, and that the evidence did not show that the homestead had been abandoned. The correct rule, of course, is that occupancy as a residence is essential to the establishment and maintenance of a homestead. (Const. art. 15, § 9; R. S. 60-3501.) In *Quinton v. Adams,* 83 Kan. 484, 488, 112 Pac. 95, touching this question it was said:

"The affairs of men are too varied to permit them to occupy their homesteads every moment of time. Duty, necessity or even pleasure may occasion extended absences which will not defeat the exemption. But it must appear from the circumstances that an absence in fact is genuinely temporary or the homestead privilege is lost. Otherwise the words of the constitution and statute which require not only occupancy, but occupancy as a family residence, would be deprived of all force."

The question whether a homestead has been abandoned is one of fact to be determined by the trial court, in the light of the rule stated in the case last quoted, from the evidence produced at the hearing. (*Smith v. McClintock,* 108 Kan. 833, 196 Pac. 1089; *Blitz v. Metzger,* 119 Kan. 760, 766, 241 Pac. 259, and cases there cited.) It being a question of fact to be determined by the trial court, unless we can say, from an examination of the record, that there was no competent evidence to support the finding and judgment of the court. we cannot disturb it, and that cannot be said in this case.

The judgment of the court below is affirmed.