No. 28,177.

In re Submitted Controversy Between MAY ROBERTS, RAY ROSS, MAY ROBERTS as Next Friend, Natural and Legal Guardian of ORPHA ROBERTS et al., Minors, *Appellees* and *Cross Appellants,* v. THE FIRST NATIONAL BANK OF BELOIT, *Appellant* and *Cross Appellee.*

(268 Pac. 799.)

Opinion filed July 7, 1928.

*C. A. Walsh, Jr.,* of Beloit, for the appellant and cross appellee.
*R. L. Hamilton,* of Beloit, for the appellees and cross appellants.

The opinion of the court was delivered by

HOPKINS, J.: The questions involved here are whether a widow had abandoned a homestead, whether a purchaser of the land in question obtained a good title thereto, and whether a judgment creditor of the widow—the bank—had a lien on certain proceeds of the sale.

The facts substantially are as follows: Elmer Roberts, husband

of May Roberts, and father of three minor children, Orpha, Ruth and Harold, died October 14, 1922. Prior thereto he and his wife had had domestic difficulties, and he had conveyed to her a life estate in the north half of a certain quarter section of land owned by him, to be hers so long as she remained his wife, or in the event of his death, or a divorce, then so long as she remained unmarried, the remainder in fee simple to her and the three children. By the terms of a will deceased left his wife and the three minors the north half of the land in controversy, and the south half to Earl Roberts, a son by a former marriage. May Roberts, who was guardian of the minors, married C. D. Johnson. Earl Roberts and his wife deeded the south half of the quarter section to her and the minor children for a consideration of $7,400, she having procured from the probate court permission to mortgage the interests of the children to pay the purchase price. The mortgages were signed by her for herself and as guardian of the three minors. Following this, the First National Bank of Beloit obtained a judgment against C. D. Johnson and May Roberts Johnson of $828.05 on which execution was issued and which judgment remains unpaid. Johnson and his wife were divorced and her name, May Roberts, restored. Later she executed a farm lease to one J. B. Haneberg for a term of twelve months, beginning March 1, 1927, and containing a five-year rental option. Previous to that, on January 21, 1927, May Roberts and the children removed to Beloit and one of the children entered the schools. A light meter was installed in her house and her personal property taxed in Beloit. On April 26 following, a provision was added to the lease stating that peaceable possession would be given by the lessee on a certain date providing there was a sale of the land. April 26, 1927, Mrs. Roberts entered into an agreement to sell the land to Ray Ross. In consideration therefor it was agreed that he convey to her and the children certain lots in Beloit and 80 acres of land, pay her $2,000 and assume a mortgage on the original homestead. The probate court authorized her, and as guardian she conveyed the land. Upon examination of the abstract, Ross' attorney passed the title conditioned that the judgment of the First National Bank be paid or cleared of record. Ross drew one check for $1,000 which he paid Mrs. Roberts as guardian of the children, and another in like sum to R. L. Hamilton, as attorney for Mrs. Roberts, payable upon the contingency that the judgment be settled. Ross testified that he conveyed the property, as per his agreement, to the minors, and at the

suggestion of the guardian erased her name from the deed. Mrs. Roberts testified among other things that she originally bought the south eighty acres of the homestead for the children and herself; that she put the children's money only into it; that when she signed her name as Mrs. May Roberts she was not acting in an individual capacity, but was acting for the children. She also testified that she had not definitely decided to leave the farm when she moved to town.

The trial court found that May Roberts had an undivided one-fourth interest in the north eighty acres of land in question; that neither she for herself nor as guardian of the minors had abandoned the land as a homestead; that the purchaser, Ray Ross, took title thereto free from the lien of the judgment of the First National Bank and had a clear title; that May Roberts, guardian, had an undivided one-fourth interest in the $1,000 check; that it is personal property, and $250 of it should be applied on the judgment in favor of the First National Bank, the other $750 to be paid to May Roberts, guardian of the minors, for their use and benefit.

The bank contends that she abandoned her homestead rights to the land in question; that the probate court exceeded its jurisdiction when it ordered the title to the money and property to be taken in the name of the children, on the exchange with Ross; and that the $1,000 held by R. L. Hamilton had lost its exempt character because it was not necessary for the acquirement of a new homestead.

We are of opinion the evidence was ample to sustain the findings of the court, and from the findings it is perfectly apparent the judgment was not a lien on the land traded to Ross. We are of opinion, also, that the issues before the court did not warrant payment of any part of the one thousand dollars to the bank. The money was placed in escrow with Hamilton to await the outcome of the issue as to whether or not Mrs. Roberts and the children had abandoned the homestead, and since the court on sufficient evidence found that they had not, it was not proper to order the funds in escrow or any part thereof to be paid to the bank, nor was the judgment a lien on the personal property.

Under all the circumstances the bank was entitled to no part of the proceeds.

The judgment is modified to the extent of denying the bank a right to partake of the funds in question, and as so modified is affirmed.