J. H. CURTIS ET AL. V. L. J. COCKRELL.

No. 504.

1. **Practice—Reformation of Judgment and Remittitur.**—In an action against several defendants the court instructed the jury, in the event they found for plaintiff, to return a verdict for rents against all the defendants, one of whom had disclaimed, and another being a married woman. *Held*, that the error was cured by a reformation of the judgment below as to the one who had disclaimed, and a remittitur in the appellate court as to the married woman.

2. **Homestead—Abandonment.**—C. having quarreled with his second wife's children, was taken to the residence of his son, and sold off his personal property and made some declarations as to his intentions. Afterwards he made an appointment with his wife to meet her at the homestead for the purpose of living with her, but died a few days later without having done so. *Held*, that the evidence failed to show an abandonment of the homestead.

3. **Same—From the Wife's Side.**—Mrs. C. left her husband, taking her children by a former marriage to prevent his turning them away, but some weeks later sent a letter to her husband offering to live with him again, and the offer having been accepted, went back to the homestead to meet him. *Held*, that the evidence failed to show that she had abandoned either her homestead or her husband.

4. **Practice—Estoppel to Claim Error.**—The judgment having been reformed by the trial court on motion of appellants, they can not be heard to complain of such action.

5. **Partition—Necessary Parties.**—A decree of partition is invalid, unless all persons owning an interest in the land involved are parties to the action.

APPEAL from Dallas.   Tried below before Hon. CHARLES FRED. TUCKER.

*Coombes & Coombes* and *Watts, Aldredge & Eckford,* for appellants.

1.  The court erred in instructing the jury to find, in any event, a verdict for money against Parmelia Curtis, she being under coverture, the wife of J. H. Curtis at the time of the commission of acts complained of, at the date of the institution of this suit, and at the time of the trial.   1 Sayles' Civ. Stats., arts. 2854, 2855; Haynes v. Stovall, 23 Texas, 626; Matlock v. Glover, 63 Texas, 237.

2.  The verdict of the jury is contrary to and unsupported by the evidence, in this: the uncontradicted evidence showed that Wesley Cockrell, prior to his death, removed from and abandoned the premises as a home with intention never to return and occupy the same as a home, and that he continued said intentions to his death.

3.  The verdict of the jury is contrary to and unsupported by the evidence, in this: the uncontradicted evidence showed that plaintiff abandoned said Wesley Cockrell without just and reasonable cause prior to his death, and continued ever after to live separate from him, without just and reasonable cause.   Sears v. Sears, 45 Texas, 559; Newland v. Holland, 45 Texas, 589; Trawick v. Harris, 8 Texas, 321; Earle v. Earle, 9 Texas, 630; Cockrell v. Curtis, 83 Texas, 105; Duke v. Read, 64 Texas, 705.

4.  The judgment rendered is against only three of the defendants, leaving out Lee Cockrell, one of the defendants against whom the jury found their verdict.   Sayles' Civ. Stats., art. 1335; Claiborne v. Tanner, 28 Texas, 79; Bledsoe v. Wills, 22 Texas, 650; McConkey v. Henderson, 24 Texas, 214.

5.  There can be no partition of real estate, nor of an interest in real estate, unless all the parties interested in the partition are before the court.   The children of Pauline Lacy and the children of William Cockrell and of Truss Gray and of ——— Trees were all necessary parties to the attempted partition.   Sayles' Civ. Stats., arts. 3465, 3466; Stark v. Carroll, 66 Texas, 397, 398; De la Vega v. League, 64 Texas, 212–214; Arnold v. Cauble, 49 Texas, 531; Oliver v. Robertson, 41 Texas, 423.

*W. L. McDonald,* for appellee.—1.   There was no material error in the instruction of the court to the jury to find against Lee Cockrell, his disclaimer not having been called to the attention of the court until after the trial by defendants' motion for a new trial, when the judgment was so framed as to cure such defect of form.   2 Sayles' Civ. Stats., arts. 4791 (note 3), 1354, 1355, 1335; Gullett v. O'Connor, 54 Texas, 408; Henderson v. Banks, 70 Texas, 398; Robinson v. Moore, 20 S. W. Rep., 694.

2.  If there is a technical error in the judgment for money on account of rents against Parmelia Curtis, wife of J. H. Curtis, ap-

pellee files herewith a remittitur as to so much of said judgment as is against Parmelia Curtis, and asks that the same be reformed as to her. Appellee says that the filing of this remittitur cures said defect, if any, in the judgment.

3. The verdict of the jury is supported by the evidence. The evidence did not show that Wesley Cockrell, prior to his death, removed from and abandoned the premises as a home with the intention never to return and occupy the same as a home, and that he continued said intentions until his death.

4. Where a life estate extends to only a portion of a tract of land, the owner of the remaining interest, whether in fee or for life, may enforce partition. But where the right to possess the entire property exists in one holding a life estate therein, if such a person has no other estate, no right to partition exists. 2 Sayles' Civ. Stats., arts. 3466 (note 3), 3468, 3469, 3481; Tevis v. Armstrong, 71 Texas, 59; Tieman v. Baker, 63 Texas, 641; Keener v. Moss, 66 Texas, 181.

A homestead is not subject to partition. 81 Texas, 562; 72 Texas, 231; 37 Texas, 574.

Abandonment is a question of fact for the jury. 38 Texas, 414; 42 Texas, 601.

Absence of claimants or defendants is immaterial in an action of trespass to try title. 71 Texas, 69.

LIGHTFOOT, CHIEF JUSTICE.—This suit was brought by appellee, L. J. Cockrell, as the surviving widow of Wesley Cockrell, deceased, to recover the homestead of herself and decedent, and praying in the alternative, that in the event she was not allowed to recover the land as such homestead, then that she have judgment for a life estate of one-third of such lands. The heirs of decedent set up, that said appellee had abandoned said Wesley Cockrell in his life-time, and had forfeited her right to the homestead.

The facts proved justify the conclusions, that Wesley Cockrell and appellee were married February 12, 1880, and that the former died December 17, 1885. A few months before his death, said Wesley Cockrell, while residing upon the land in controversy, with his wife (appellee) and her children by a former marriage, did not live on friendly terms with the children, and threatened to send for the sheriff and put them out; that appellee, under apprehension of having her children put out, left the place with them. That afterward said Wesley Cockrell went to the residence of his own son, Ellis Cockrell, who was not on friendly terms with appellee, and where she was not able to see him, but that she made overtures towards an amicable settlement of their differences, and offered to live with him as his wife, and he made an appointment to meet her at their home, which he did not do. That at the time of his death they were still husband and wife, and it was not the fault of appellee that they did not live together, and that the property in controversy (except a small part of lots 3 and 4) was their

homestead, and appellee is entitled to recover the same as such, with rents, as found by the jury and embraced in the judgment below.

The first assignment of error raises an objection to the testimony of Ellis Cockrell, who was a son of the decedent, detailing a difficulty which the witness had previously had with appellee. It was legitimate to show that the feelings of said witness were unkind towards appellee, not only to show his interest and feeling as a witness, but to show that appellee had no opportunity to be with Wesley Cockrell after he was taken to the house of his son, Ellis Cockrell. Still, we think the testimony was carried too far, and was objectionable in going into the details of the difficulty, and it should have been limited by the court to the point of showing an unkind feeling and violent disposition by Ellis Cockrell towards appellee. The court erred in refusing to so limit this testimony; but inasmuch as the evidence was uncontradicted that appellee did not voluntarily stay away from her husband, but offered to live with him before his death, and was clearly entitled to her homestead rights in the property, and no other conclusion could have been reached from the testimony, we hold the error to be harmless.

The third assignment of error is as follows: "The court erred in those parts of the charge wherein he instructed the jury, that in the event they found in favor of plaintiff upon her homestead claim, they should find from the evidence the value of the rents and profits of said premises from May 26, 1890, to the present time, and return their verdict against all the defendants for the same, with 6 per cent interest per annum since. 1. The defendant, Lee Cockrell, answered by disclaimer herein, on June 7, 1892, showing that he had sold and conveyed all his interest in the lands in controversy herein to defendant Ellis Cockrell prior to the institution of this suit, as to him. 2. The plaintiff's pleading alleged and the proof showed, that Parmelia Curtis, one of the defendants, was and is a married woman, and the wife of her codefendant, J. H. Curtis."

If there were error in the charge in the respects complained of, it has been cured (1) by a reformation of the judgment below at the instance of appellants, so as to render no judgment against Lee Cockrell for rents; (2) by a remittitur filed in this court of the judgment for rents against Parmelia Curtis.

Appellants' fourth and eighth assignments are as follows, and will be treated together:

"4. The court erred in that part of his additional charge as to rent on lots 3 and 4, plat 2, since there was no proof of the amount of land in cultivation on said lots."

"8. The verdict of the jury is contrary to the evidence as to any rents on lots 3 and 4 of plat 2 of the partition, since there is no evidence as to the amount of land in cultivation on said lots."

The land described in plaintiff's petition was 145 acres, embraced in several different tracts lying contiguous to the 63½ acres tract, as follows:

| W. Cockrell's (1) 63½ acres. | | |
|---|---|---|
| (4) N. Gray 27 2-10 acres. | (3) Susan Cockrell 27 2-10 acres. | (2) Ellis Cockrell 27 2-10 acres |

In the partition between Wesley Cockrell and the children of his first wife there had been set apart to him lot number 1 of 63½ acres. He had subsequently acquired by purchase from Ellis Cockrell lot number 2 of $27\frac{2}{10}$ acres, and he owned by inheritance from his other children an interest in one-half of lot number 3 and one-fourth of lot number 4, said lots being of $27\frac{2}{10}$ acres each. The instruction of the court complained of was a limitation upon the jury to find no rents and profits upon land outside of the cultivated land. It is evident from the record that the jury did not include any such rents in their verdict. Appellant Ellis Cockrell testified, that there were about twenty or twenty-five acres in cultivation in the 63½ acres piece; and other witnesses testified, that there were about forty or fifty acres in cultivation, and it was shown that the land was worth about $3 per acre rent per annum. We find no error in the charge, and the verdict is amply sustained by the evidence.

The sixth and seventh assignments attack the verdict of the jury, on the grounds, (1) that Wesley Cockrell had abandoned his homestead before his death; and (2) that appellee had abandoned him.

These contentions are not supported by the facts. While it was shown, that after appellee left the place Wesley Cockrell was taken to the residence of his son, and sold off his personal property, and made some declarations concerning his intentions, yet it was fully proved, that in December, 1885, appellee sent a messenger with a letter to said Wesley, offering to live with him as his wife, and that he manifested great affection for her, and made an appointment to meet her the next day at their home for the purpose of living with her, and that she went there to meet him, but he did not go, and died a few days afterwards (December 17, 1885). The testimony is inconsistent with a permanent abandonment of the homestead by the husband, or the permanent abandonment of either by the wife.

The ninth assignment of error complains that the judgment is not in accordance with the verdict of the jury, in that the judgment is against J. H. Curtis, Parmelia Curtis, and Ellis Cockrell for $103.88 rents, when the verdict included Lee Cockrell. The record shows, that the judgment was originally rendered against all four of them, and was

reformed and corrected at the instance of these appellants so as to release Lee Cockrell on his disclaimer. Appellants having themselves asked the court to so reform the judgment, can not complain that their request was granted.

The tenth assignment, which complains of the judgment against Parmelia Curtis, has been cured by remittitur as to her.

The eleventh assignment of error is as follows: "The court erred in rendering judgment for partition of lots 3 and 4, plat 2, because the evidence showed that all the parties at interest in the same were not before the court."

The judgment of the court, after allowing a recovery by appellee of the land sued for as a homestead, except a portion of lots 3 and 4, in plat 2, provides, that they "be partitioned between plaintiff and defendants, according to their respective interests therein fixed."

The plaintiff in her petition prayed for the recovery of all the land as a homestead, and, in the alternative, for a life estate of one-third in the event she did not recover the homestead. For the purposes of her suit for the recovery of the possession of the homestead, the proper parties are in court, and such recovery is proper; but for purposes of partition, the proper parties are not in court, nor does she ask for partition upon her recovery of the homestead. The court erred in that part of the decree which provides that lots 3 and 4 be partitioned between plaintiff and defendants, because it was shown by uncontroverted evidence that other parties owned interests in said lots 3 and 4 who were not represented. The judgment should be reformed so as to strike out that part of the judgment above quoted, and allow a recovery of an undivided interest of one-half of lot 3 and one-fourth of lot 4, as a part of her homestead.

The judgment of the court below is accordingly reformed, and affirmed.

<em>Affirmed.</em>

Delivered October 17, 1894.