THE KANSAS & TEXAS COAL COMPANY v. J. J. JUDD
AND MARY JUDD.

### No. 136.

HOMESTEAD — *absence from, with intention of returning to, is not
abandonment of.* Where the owner of a farm has established
her homestead thereon, she may leave the same for a temporary
purpose with the intention of returning, and if during all the time
of such absence she retains that intention and refrains from estab-
lishing a homestead elsewhere, she has not abandoned the farm
as her homestead.

Error from Cherokee District Court. Hon. J. D.
McCue, Judge. Opinion filed November 10, 1897.
*Affirmed.*

*W. H. Millstead* and *H. A. Forkner,* for plaintiff in
error.

*C. D. Ashley,* for defendant in error Mary Judd.

DENNISON, P. J. This action was commenced by
the plaintiff in error before a justice of the peace of
Cherokee County against J. J. Judd and Mary Judd,
and judgment was rendered against them in favor of
the plaintiff in error. The plaintiff filed an abstract
of this judgment in the office of the clerk of the dis-
trict court of Cherokee County, and caused an execu-
tion to be issued thereon. The sheriff levied upon
and sold an eighty-acre farm belonging to the defend-
ant Mary Judd.

The defendant Mary Judd filed a motion to set
aside the sale for the reason that the farm was her
homestead, and the plaintiff filed its motion to con-
firm the sale. The motions were considered together
by the court, and each was supported by affidavits
and counter affidavits. The motion to set aside the
sale was sustained, and the motion to confirm the

sale was overruled. The plaintiff excepted to the ruling of the trial court upon these motions, and it brings the case here for review.

But one question is presented to us, and that is, Was the farm the homestead of Mary Judd and, as such, exempt from sale upon execution against her and her husband?

The uncontradicted evidence shows that in 1886 Mary Judd bought the farm with money she received from her mother, and with her husband and several minor children moved upon it; that in the fall of 1887 she rented the farm, reserving the right to leave some of her household goods in the house and some of her farm machinery upon the premises, and then moved with her family to Weir City for the alleged purpose of regaining her health and sending her children to school. She rented the farm for but one year at a time, and after the second year refused to renew the lease, giving as her reason therefor that she intended to return with her family and work the farm, if she could procure a team to do so; that they were unable to procure a team, and rented the farm for another year, reserving the right to store the things that had been left while the other tenant was there, and also reserving the right to occupy part of the house with her family if she should wish to do so. She testifies that she intended all the while to return to her homestead, and that she owned no other home, but rented a house from month to month while absent.

The plaintiff in error introduced the affidavits of the purchaser and another, in which they state that Mrs. Judd offered to sell her farm and stated that she did not intend to return to it. She denied having offered to sell or having made the statements sworn to by these parties, and introduced several affidavits

showing that she had repeatedly declared her intention to return, during all the time she had been absent from the farm.

The plaintiff's attorney offered to introduce his affidavit to the effect that J. J. Judd had voted in Weir City. This the court refused to allow. This refusal is not alleged as error and is not before us.

It is admitted that this farm was the homestead of Mary Judd and her family in 1886 and 1887. The inquiry is therefore narrowed down to whether they abandoned it between that time and the time of the filing of the abstract of judgment. This is largely a question of intention. Did Mary Judd intend to abandon this farm as a home and establish another home somewhere else? None of her acts constitute an abandonment of her homestead. If she left it for a temporary purpose intending to return, and during all the time she was absent she retained that intention and abstained from establishing a homestead elsewhere, she did not abandon the farm as her homestead.

A great preponderance of the evidence shows these facts in favor of the defendant in error, and the trial court performed its duty when it set aside and refused to confirm the sale.

The judgment of the District Court is affirmed.