(107 So. 403)

No. 25778.

RIGDON v. BOGAN.

(Feb. 1, 1926. On Application for Rehearing, March 1, 1926.)

*(Syllabus by Editorial Staff.)*

1. Homestead ⊚⟳213—Amendment of petition in suit for recognition of homestead exemption held not erroneous, where defendant was not prejudiced thereby.

That plaintiff was allowed, in suit for recognition of homestead exemption, to amend his petition by alleging that he was head of a family, *held* not erroneous, where defendant was not prejudiced thereby.

2. Homestead ⊚⟳162(1)—Temporary absence from homestead, though continuing for several years, will not forfeit right of exemption, where there is constant intent to return.

Temporary absence from homestead will not forfeit right of exemption, where there is a constant intent to return, even though absence continues for several years.

3. Homestead ⊚⟳162(1)—Plaintiff held entitled to homestead exemption on farm, though not residing thereon for nearly six years when seizure was levied, where he had fixed intention to return.

Plaintiff *held* entitled to homestead exemption on farm, though he had not resided thereon for nearly six years when seizure was levied, where his residence thereon had burned about eight years before, and he intended to rebuild such residence, but, due to adverse circumstances, was unable to do so.

On Application for Rehearing.

4. Homestead ⊚⟳217 — Judgment declaring homestead to be exempt from seizure would not forbid seizure of homestead if owner should thereafter abandon it as a residence.

Judgment declaring farm to be homestead, and as such exempt from seizure, would not forbid a seizure of homestead thereafter, if owner should abandon it as a residence or abandon his intention to re-establish his residence there.

Appeal from Third Judicial District Court, Parish of Bienville; J. E. Reynolds, Judge.

Suit by J. W. Rigdon against W. H. Bogan. Judgment for defendant, and plaintiff appeals. Annulled and rendered.

Fisher & Walker, of Shreveport, for appellant.

Goff & Barnette, of Arcadia, for appellee.

O'NIELL, C. J. This is a suit for recognition of a homestead exemption. The defendant, having a judgment against plaintiff for several hundred dollars, had his farm seized and advertised for sale. Plaintiff obtained an injunction, stopping the sale, on the allegation that the farm, containing only 86

acres, was his homestead and was therefore exempt from seizure. The defendant filed an exception of no cause of action, because the plaintiff had not alleged that he was the head of a family or had any one dependent upon him for support. The exception was referred to the merits, and plaintiff was allowed to amend his petition by alleging that he was the head of a family, having a wife and eight children, four of whom were minors, dependent upon him for support. The case was then put at issue and tried on its merits. There was judgment for the defendant, dissolving the writ of injunction and rejecting the plaintiff's demand. He has appealed from the judgment.

[1] Appellee complains of the ruling allowing the plaintiff to amend his petition. Our opinion is that the court was right in allowing the amendment. The defendant was not put to any disadvantage by the fact that the petition was originally defective and afterwards amended.

The reason why the district judge gave judgment against the plaintiff was that he was not residing on his farm, and had not resided there for nearly six years, when the seizure was levied. His residence on the farm burned down about eight years before the seizure was levied. He patched up an old shack on the place and lived in it for two years, but, finding it uninhabitable, moved with his family into a rented house about a quarter of a mile away. The evidence convinces us that he intended to rebuild the home on the farm, but one of his daughters, who taught school and contributed to the household, lost her position, and that and other misfortunes, which came, not as single spies but in battalions, stood in the way of the fond hope.

[2] The case is governed by the following doctrines:

"A temporary absence from the homestead will not forfeit the right of exemption where there is a constant and abiding intent to return, * * * even though the absence continues for several years. Nevertheless, the element of lapse of time during which the owner has remained away is always a matter to be considered; and, if the absence is prolonged, it may, if there is no evidence of a fixed intention to return, constitute an abandonment." 29 C. J. 938.

"In order to constitute an abandonment of the homestead, the removal must be voluntary and not under compulsion of any kind. An abandonment is not occasioned by a removal or temporary absence caused by some casualty or necessity if there is an intention of returning as soon as circumstances will permit. The fact that the length of enforced absence cannot be accurately forecasted will not alter the effect to be given the intention to return. And it has been held that the rule applies regardless of the length of the absence." 29 C. J. 939.

It is not necessary in this case to extend the rule as far as it goes in favor of the homestead exemption in the excerpts which we have quoted. The length of absence from the homestead ought to be considered in determining whether there was a constant and abiding intention to return. The absence for six years in this case was indeed a prolonged absence, but the circumstances explain it and show that there was a constant and abiding intention to return. The main point in that respect, however, is that the abandonment was not voluntary, but caused by calamity.

[3] In Tompkins v. Henry Lochte Co., 66 So. 417, 136 La. 57, we held that the plaintiff's having been compelled to move away from his homestead to earn a livelihood, intending to return, was not an abandonment of the homestead exemption, because, having sustained a gunshot wound, he was unable to do manual labor, and could not obtain any other employment at the place of his homestead. See, also, St. Mary Bank & Trust Co. v. Daigle, 55 So. 345, 128 La. 758, and Hardesty v. Warner, 58 So. 527, 130 La. 735. Our conclusion is that appellant is entitled to the homestead exemption.

The judgment appealed from is annulled,

the writ of injunction is perpetuated, and the farm seized at the instance of the defendant is declared to be plaintiff's homestead, and, as such, exempt from seizure, and is ordered released from the seizure levied herein. All court costs are to be paid by defendant.

### On Application for Rehearing.

PER CURIAM. [4] It is suggested in the application for a rehearing that our having perpetuated the writ of injunction might hereafter be construed to forever prevent a seizure of the farm. The judgment should not be so construed. It would not forbid a seizure of the homestead hereafter, if the owner should abandon it as a residence or abandon his intention to re-establish his residence there.