Submitted on briefs August 31, affirmed September 27, 1927.

# DE HAVEN & SON HARDWARE CO. *v.* FRED SCHULTZ.

### (259 Pac. 778.)

**Homestead—Statute Defining and Exempting Homestead is to be Liberally Construed (Or. L., § 221).**

1. Section 221, Or. L., providing that homestead must be actual abode of and occupied by owner or spouse, and that its exemption from debt shall not be impaired by temporary removal or absence with intention to reoccupy same as homestead, and that exemption shall extend to proceeds of sale with certain limitations, is remedial, and should be liberally construed.

**Homestead—Forfeiture of Homestead is not Favored (Or. L., § 221).**

2. Forfeiture of homestead estate, defined and exempted from debt by Section 221, Or. L., is not favored by law; it being legislative policy to protect family home against urgent creditors.

**Homestead—Creditor Seeking to Subject Homestead to Execution must Establish Relinquishment of Homestead Right by Clear and Convincing Proof (Or. L., § 221).**

3. Where existence of homestead under Section 221, Or. L., is once established, burden is on judgment creditor seeking to subject it to execution to establish relinquishment of homestead right by clear and convincing proof.

**Homestead—Temporary Absence or Removal from Homestead is not Abandonment Thereof, if There is Abiding Intention to Return (Or. L., § 221).**

4. Owner's temporary absence or removal from homestead, defined and exempted from liability for debts by Section 221, Or. L., is not an abandonment of the homestead, if there is a constant and abiding intention to return and occupy the premises as a home.

**Homestead—Duration of Absence from Homestead is to be Considered on Question of Abandonment, but is not Conclusive (Or. L., § 221).**

5. While duration of absence from homestead, defined by Section 221, Or. L., is matter to be considered on the question of abandonment, it is not conclusive thereof.

---

1. Construction of homestead statutes, see notes in 65 Am. Dec. 484; 34 Am. St. Rep. 496; 102 Am. St. Rep. 398; 21 Ann. Cas. 1033. See, also, 13 R. C. L. 547.

4. Effect of temporary absence from homestead, see notes in 6 L. R. A. 816; 12 Ann. Cas. 78. See, also, 13 R. C. L. 648.

Homestead—Abandonment of Homestead is Matter of Intention, to be Determined Under All Facts and Circumstances (Or. L., § 221).

6.  Question whether homestead has been abandoned is to be determined by the intention and in the light of all facts and circumstances, under Section 221, Or. L., providing that exemption shall not be impaired by temporary removal or absence with intention to return.

Homestead—Lease of Farm from Year to Year is not Inconsistent With Claim of Homestead Right Therein (Or. L., § 221).

7.  That owner leases his farm from year to year is no evidence against his claim that it is his homestead under Section 221, Or. L., because he intends to return and occupy it as such.

Homestead—Offer of Farm for Sale Did not Weaken Claim That It was Homestead (Or. L., § 221).

8.  Fact that owner of farm offered it for sale did not weaken his claim that farm was his homestead, exempt from liability for debt under Section 221, Or. L.

Homestead—Trial Court's Finding That Farmer Did not Abandon Homestead Held Sustained by Evidence (Or. L., § 221).

9.  In proceeding to confirm sale of farm on execution, evidence *held* sufficient to sustain finding of trial court that owner did not abandon homestead right therein under Section 221, Or. L.

Evidence, 22 C. J., p. 86, n. 75.
Homesteads, 29 C. J., p. 787, n. 82, p. 836, n. 18, 23, p. 931, n. 78, 79, p. 935, n. 38, 39, p. 938, n. 61, p. 939, n. 65, 67, 71, p. 941, n. 3, p. 944, n. 33, p. 961, n. 53, 54, 55, p. 963, n. 92, p. 965, n. 44.

From Yamhill: W. M. Ramsey, Judge.

In Banc.

AFFIRMED.

For appellant there was a brief over the name of *Messrs. Vinton & Tooze.*

For respondent there was a brief over the name of *Mr. L. E. Lange.*

BELT, J.—Plaintiff, as judgment creditor, levied upon 120 acres of land owned by the defendant. Upon motion to confirm the sale, the defendant ob-

8.  See 13 R. C. L. 654.

jected, asserting that the property was exempt from sale upon execution by reason of its being his homestead. The matter was submitted upon affidavits and counter-affidavits and the trial court set aside the sale in accordance with the petition of defendant. Plaintiff appeals.

It appears from the affidavit of defendant that, for a period of about 12 years prior to the time that this property was levied upon, he and his wife lived continuously upon the same as their homestead. He avers that he was obliged, on account of the serious illness of his wife, who was afflicted with cancer, to leave the farm in order to obtain medical services, but that it was always his intention to return and occupy it as his homestead, "as soon as circumstances would permit." This removal occurred about two years before the land was levied upon. The farm was leased from year to year for a period of two years. Shortly before this proceeding was instituted, defendant's wife died. He says that, on account of his poverty, he was obliged to sell his "last team and cow to get the money with which to pay his debts." Having no farming implements or stock with which to operate his home place, he states that he was obliged to rent another farm for a period of one year "in order to get a start." This was corroborated by the affidavit of J. A. Sharp and his wife from whom defendant rented. It is also stated in their affidavit that, when defendant was asked to lease their farm, he refused to do so for a longer time than one year, giving as his reason "that he was going back to his own place as soon as he could get a start in team and cows." These affiants further aver that they furnished defendant with everything with which to farm "for the reason that he had neither

team or stock, having sold everything to pay his debts."

It is conceded that defendant at various times offered his old home for sale.

1–3. The question is presented: Has defendant abandoned his homestead? Section 221, Or. L., provides:

" * * The homestead must be the actual abode of and occupied by the owner, his or her spouse, * * and such exemption shall not be impaired by temporary removal or absence with the intention to reoccupy the same as a homestead, not by the sale thereof, but shall extend to the proceeds derived from such sale to an amount not exceeding three thousand dollars ($3,000), while held, with the intention to procure another homestead therewith, for a period not exceeding one year."

This statute is remedial in character and should be liberally construed: *Watson* v. *Hurlburt,* 87 Or. 297 (170 Pac. 541). The legislature no doubt deemed it a wise governmental policy to surround the family home with certain protection against the demands of urgent creditors. A forfeiture of a homestead estate is, for such reason, not favored in law: 13 R. C. L. 656. After the existence of a homestead has been established, as has been done in the instant case, it is incumbent upon the judgment creditor, if it is sought to subject the property to execution, to establish by clear and convincing proof that there has been a relinquishment of the homestead right. A condition once shown to exist is presumed to continue and he who would assert a change in the nature or character of the estate has the burden of proof: 29 C. J. 961. There are authorities to the contrary but the above rule meets with our approval: *American State*

*Bank* v. *Leforce,* 95 Okl. 88 (218 Pac. 1073); 13 R. C. L. 694.

4–6. It is well established that a temporary absence or removal will not constitute an abandonment of a homestead if there is a constant and abiding intention to return and occupy the same as a home: *McDermott* v. *Kernan,* 72 Wis. 268 (39 N. W. 537, 7 Am. St. Rep. 864); *Boot* v. *Brewster,* 75 Iowa, 631 (36 N. W. 649, 9 Am. St. Rep. 515); *Kansas & T. Coal Co.* v. *Judd,* 6 Kan. App. 487 (50 Pac. 943); *Reilly* v. *Reilly,* 139 Ill. 180 (28 N. E. 960); Id., (26 N. E. 604); *Rigdon* v. *Bogan,* 160 La. 551 (107 South. 403); 13 R. C. L. 648; 29 C. J. 941; Thompson on Real Property, § 935. The duration of the absence is a matter for consideration but is not conclusive. Abandonment is a matter of intention and is to be determined in the light of all the facts and circumstances.

7, 8. Did the defendant intend permanently to give up his farm as a home, or was he compelled by necessity to leave it temporarily on account of the condition of his wife's health? If his absence was due to a situation over which he had no control, it would, indeed, be a harsh doctrine to announce that such would constitute an abandonment. The fact that the farm was leased from year to year is not inconsistent with an intention to return and occupy it as his homestead: *Deweese* v. *Deweese,* 121 Ky. 747 (90 S. W. 256); 29 C. J. 939. Neither is defendant's claim of exemption weakened by reason of the fact that he offered such property for sale. Indeed, under the statute, he could have actually sold the property and kept the proceeds exempt from execution for a period of one year if it was his intention to invest the same in a home.

9. In the light of the affidavits submitted we are not prepared to say that the trial court erred in its finding of fact. Plaintiff has failed to establish its cause. It follows that the decree of the trial court in setting aside the sale on the ground that the property is exempt from sale upon execution is affirmed.

AFFIRMED.