[File No. 7088]

L. N. LARSON, Appellant, v. K. J. COLE, Respondent.

(33 NW2d 325)

Opinion filed June 10, 1948. Rehearing denied July 10, 1948

*Bangert & Bangert,* for appellant.

*S. D. Adams,* for respondent.

GRIMSON, District Judge. Plaintiff brings this action for specific performance of an option contract for the purchase of a residence property described as Lots 13 and 14, Block 1, Swanson's Addition to the City of Milnor.

The defendant is a dentist who had lived with his wife and minor daughter in this residence since 1929 up to the time when this transaction began. From 1923 to 1933 defendant had been in the reserve corps of the United States Army. He then became "draft officer". He was commissioned in the dental corps September 26, 1942, and ordered to report to Camp Hahn at Riverside, California. He immediately left Milnor with his wife and daughter and remained in the army until discharged on May 30th, 1946 when he returned to Milnor. During that time his wife and daughter lived with him in tourist camps or government-owned houses near his camp and finally in a furnished apartment in Los Angeles. During a part of that time defendant was overseas. His wife and daughter returned to Milnor in August 1946.

Before defendant left Milnor he and the plaintiff discussed the rental or purchase by plaintiff of defendant's residence property. The terms were arrived at orally and the drawing of the written lease was left to the local banker. The lease was sent to defendant at Riverside, California for his signature. By this lease defendant rented the premises in question to the plaintiff at $30.00 per month from May 1st, 1942 "for and during the term of duration of the war. . . . which term will end when World War ends." In connection with this transaction defendant in his own hand drew up an option agreement whereby he granted plaintiff the right to rent the property at $30.00 per month or purchase it for $4,000.00, rentals from November 1, 1942 to be credited, deed and title to be delivered on payment of $500.00 down and a mortgage back at six per cent, taxes after 1942 to be added and prepayment privileges allowed.

Both plaintiff and defendant signed the lease. Defendant

alone signed the option agreement. Defendant's wife signed neither one and denies all knowledge thereof except that the premises were rented until reoccupancy by defendants was attempted.

Plaintiff paid his rent regularly but did not attempt to exercise the option until after defendant and his wife returned to Milnor in August 1946 and attempted to repossess the residence. Then plaintiff endeavored to exercise the option, served notice thereof on defendant and on refusal of tender $500.00 was deposited in defendant's name and in an "open and going bank." Plaintiff retained possession.

Shortly thereafter this action was commenced for the specific performance of the above option contract and for $2,000.00 damages.

The answer admits the ownership of the property by the defendant and the lease to the plaintiff but claims that the option was a separate agreement and sets up an affirmative defense that the property was at the time and still is the homestead of the defendant and his family and that his wife did not sign the option agreement. That, therefore, it is unenforceable and void.

Section 47–1805 ND Rev Code 1943 provides: "The homestead of a married person, without regard to the value thereof, cannot be conveyed or encumbered unless the instrument by which it is conveyed or encumbered is executed and acknowledged by both the husband and wife."

It is admitted that up to the time defendant left for service in the army the property in question was his homestead. He claims it still is. The plaintiff claims that the homestead rights were abandoned when defendant left for the army and he and his family moved away from the premises. Whether the homestead was abandoned or not becomes the main question at issue in this lawsuit. If it was, the option is good and enforceable. If it was not, it is void and unenforceable, because the defendant's wife did not sign it. Silander v. Gronna, 15 ND 552, 108 NW 544, 125 Am St Rep 616; Helgebye v. Dammen, 13 ND 167, 169, 100 NW 245; Swingle v. Swingle, 36 ND 611, 162 NW 912.

It being admitted that the property was defendant's home-

stead that status is presumed to continue until its abandonment is proved by the plaintiff by the fair preponderance of the evidence. Scherr v. Fischer, 58 ND 317, 226 NW 481; Nelson v. Griggs County, 56 ND 729, 219 NW 225; Smith v. Midland Nat. L. Ins. Co. 57 SD 497, 234 NW 20. See also Glaze v. Drawver, 189 Okla 402, 117 P2d 544; First Nat. Bank v. Burnett, 122 Okla 255, 254 P 95. The evidence must be "clear and convincing." 40 CJS 675 and cases cited. 26 Am Jur 140, Homestead.

"Where abandonment is set up to defeat the claim of homestead the question whether the homestead right has been lost is to be resolved in view of the circumstances, the showing as to intention being held to be determinative of the issue. However, forfeiture of the homestead right is not favored. Removal from the premises must concur with an intention to discontinue their use as a home." 26 Am Jur 118, Homestead. Loss or relinquishment of homestead is not favored in the law. 40 CJS 632. Schaffner v. Campbell, 198 Iowa 43, 199 NW 334; State Bank v. Bagley Bros. 44 Wyo 244, 11 P2d 572. The homestead statutes are to be liberally construed for the protection of the homestead. Conlon v. Dickinson, 72 ND 190, 5 NW2d 411, 142 ALR 525; First State Bank v. Fischer, 67 ND 400, 272 NW 752, 110 ALR 878; De Haven & Son Hardware Co. v. Schultz, 122 Or 493, 259 P 778.

It is claimed on behalf of the plaintiff that the defendant's intent to abandon the homestead rights in these premises is shown by his offering them for sale and giving a written option for their purchase to the plaintiff by disposing of much of his household furniture, by leaving the State and renting the premises to the plaintiff, and by his general conduct. Any of these circumstances coupled with clear intention to abandon the homestead would be sufficient proof of abandonment. All of them together would be insufficient unless coupled with such intent.

The offering of a homestead for sale is not of itself sufficient to show intent to abandon it. In the case of Yellow-Hair v. Pratt, 44 SD 136, 182 NW 702, the Court says: "The owner of

a homestead does not, by resorting to every known means to sell such homestead, forfeit his homestead right therein." See also Smith v. Midland Nat. L. Ins. Co. 57 SD 497, 234 NW 20, and De Haven & Son Hardware Co. v. Schultz, 122 Or 493, 259 P 778, both supra.

"A mere attempt or offer to sell homestead premises, or an unexecuted intention to sell and reinvest the proceeds in another home, does not of itself amount to an abandonment of the homestead, even though, in the case of an offer, the owner, at the time thereof, is temporarily residing away from the premises, an offer to sell not being necessarily inconsistent with an intention to return and reoccupy the property as a home if not sold." 40 CJS 649.

See also Steel v. Blanchette, 193 Mich 167, 159 NW 138.

The defendant sold practically all his household goods and furniture before leaving Milnor but he left the draperies and rugs. Plaintiff claims these were to go with the house; defendant claims they were only loaned. Anyhow they were left for plaintiff's use. Defendant stored his electric range in the house, where it remained at the time of the trial, and stored some other personal property packed in some twenty boxes with friends in Milnor. He took with him silverware and personal effects. Such acts do not of themselves constitute abandonment of a homestead. 40 CJS 658. Curtis v. Cockrell, 9 Tex Civ App 51, 28 SW 129. They are not inconsistent with an intention to return to the homestead when the war was over.

The defendant's departure from the State can hardly be said to have been voluntary. He left in response to the call of his country. During his whole absence he was subject to the order of his superiors and moved from place to place. His wife and daughter accompanied him, occupying temporary quarters, buying and selling and renting the necessary household equipment and furnishings. There is nothing in the conduct of the defendant or his wife that indicates an intention to establish a home in any of the places they temporarily occupied. Such actions do not show an intention to abandon the homestead they left.

In Grotberg v. First. Nat. Bank, 54 ND 548, 210 NW 21, this Court held:

"Temporary absence does not defeat the right to the homestead; and while the right of homestead exemption may be lost by voluntary abandonment, to effect a forfeiture, it must be made to appear that such abandonment was voluntary and without an intention to return and reoccupy the premises as a home."

See also Hazlett v. Mathieu, 57 ND 57, 220 NW 647; Nelson v. Griggs County, 56 ND 729, 219 NW 225; De Haven & Son Hardware Co. v. Schultz, 122 Or 493, 259 P 778, supra. In Gerhart v. Quirk, 50 SD 269, 209 NW 544, August Gerhart had occupied the premises there in question as a homestead, had left for various places for medical treatment and had not returned at the time of the trial, the Court says: "He never acquired a homestead other than the one involved, and it did not appear that he did not intend to return thereto, and, aside from the fact of his absence, there was no evidence that he intended to abandon the same. Mere absence even for a long period of time is not in itself sufficient to establish abandonment." See also 40 CJS 644, 646; Warner v. Hopkins, 42 SD 613, 176 NW 746; Yellow-Hair v. Pratt, 41 SD 190, 169 NW 515, also 44 SD 136, 182 NW 702; 13 RCL 648.

That the defendant leased the property is not necessarily an indication of abandonment of homestead. That was done generally by men entering the army with no intent to abandon the home. That is done often by men entering government service or elected to office when during their terms their work is at the capitol or away from their homes. That is not inconsistent with the assertion of the right of homestead therein. "A temporary renting of the premises does not constitute an abandonment of the homestead right." 26 Am Jur 123, Homestead, and cases cited; 40 CJS 679; Melton v. Melton, 126 Ark 541, 191 SW 20.

As indicating the intent of the defendant to return and retain the property as his homestead is the fact that the lease was for a definite term—"the duration of the war." It further appears

that he voted in Milnor by absent voter's ballot in the 1944 presidential election, as did his wife. Then he actually returned to Milnor on his discharge from the service and endeavored to reoccupy the premises. Not till after that did plaintiff attempt to exercise his option.

The plaintiff has not shown by the clear convincing preponderance of the evidence that the defendant intended to abandon his homestead when he entered the army and remained away for the duration of the war.

Furthermore, even if defendant intended to abandon the homestead he could not without the consent of his wife, abandon her homestead rights. Schaf v. Corey, 50 ND 432, 196 NW 502. To allow the husband to deprive his wife and family of the benefits of the homestead law by simply abandoning the homestead premises and taking his family with him elsewhere, without regard to the wife's wishes, rights or intentions would be to permit him to accomplish by indirection what the legislature has sought to prevent him from doing directly. Blumer v. Albright, 64 Neb 249, 89 NW 809. See also O'Neill v. Bennett, 43 SD 569, 181 NW 97.

The purpose of the homestead law is the protection of the whole family. Dieter v. Fraine, 20 ND 484, 128 NW 684; Swingle v. Swingle, 36 ND 611, 162 NW 912, supra. Conlon v. Dickinson, 72 ND 190, 5 NW2d 411, 142 ALR 525, supra. To allow the husband, although he is the head of the family, to dispose of the homestead premises by any act of his without the consent of the wife would frustrate that purpose. No matter what the defendant intended or tried to do about these homestead premises without his wife's consent, that could not deprive her of her homestead rights therein. Long v. Talley, 84 Okla 38, 201 P 990.

It is argued on behalf of plaintiff that by failing to make and file a declaration of homestead as provided by §§ 47–1817 to 47–1821 ND Rev Code 1943, defendant's wife waived her homestead rights or that it indicated her intention so to do. That claim is not tenable. The homestead right is created by the use of the property not by filing such declaration. In Birks

v. Globe International Protective Bureau, 56 ND 613, 218 NW 864, this Court held: "The right to claim the premises as a homestead comes into existence by operation of law, contemporaneously with the occupancy and use of the premises as a home, and not as a result of any formal declaration or proclamation of a homestead claim." See also Conlon v. Dickinson, 72 ND 190, 5 NW2d 411, 142 ALR 525, supra. Sec. 47–1817, supra, provides in part that "A failure to make such declaration shall not impair the homestead right." Such failure cannot therefore be taken even as indicating her intention to waive her homestead rights. Neither does her consent to renting the property and moving away voluntarily with her husband affect her homestead rights. Long v. Talley, 84 Okla 38, 201 P 990, supra.

The testimony of defendant's wife is clear and undisputed to the effect that she never abandoned her homestead rights in the property in question. No evidence was presented that would in any way estop her from claiming her homestead rights.

To constitute abandonment of the homestead the acts and the intent of the parties must coincide. Whether there was abandonment must be determined from the circumstances in each particular case. The trial court who saw and heard the witnesses found in favor of the defendant. In a case like this where intent is the vital question at issue, the rule that the findings of the trial court must be given appreciable weight has especial application. Christianson v. Farmers' Warehouse Asso. 5 ND 438, 67 NW 300, 32 LRA 730; Donovan v. Johnson, 67 ND 450, 274 NW 124; Funk v. Baird, 72 ND 298, 309, 6 NW 2d 569. The facts in this case differentiate it from the cases cited by the plaintiff and clearly sustain the findings of the trial court.

The optional contract therefore was void. No damages can be recovered upon such a contract. Silander v. Gronna, 15 ND 552, 108 NW 544, 125 Am St Rep 616, supra. Neither was any evidence offered thereon.

Finally, the claim that the statute of limitations, § 28–0121

ND Rev Code 1943, had run against the defense based on homestead rights has been asserted on behalf of the plaintiff. That statute provides that such a defense is not maintainable against a "conveyance or encumbrance" unless interposed within two years after the execution thereof. It is claimed that the option agreement of 1942 is such a conveyance or encumbrance and that as the defense based on homestead rights was not made till November 1946, it is barred.

An option is a continuing offer. 12 Am Jur 524, Contracts. It may or may not be accepted. It does not bind the optionee to do anything unless he accepts. That rests entirely with him. It gives him merely a personal right to purchase but not an interest in the optioned property. If he takes possession before acceptance he is a mere licensee. 66 CJ 487. In the instant case he was merely a tenant paying rent for the use of the property. In Phenix Ins. Co. v. Kerr (CCA8th) 129 F 723, 727, it was held:

"And while the owner of the option may accept it and compel the owner of the property to comply with its terms, until the owner of the option does so, he has no interest in the property. He has nothing but a mere right to acquire an interest, and this is neither the ownership nor any interest in the property which impinges upon its unconditional ownership by him who gave the option."

See also Richardson v. Hardwick, 106 US 252, 27 L ed 145, 1 S Ct 213; Woodall v. Bruen, 76 W Va 193, 85 SE 170; 55 Am Jur 492, 515, Vendor and Purchaser; Barton v. Thaw, 246 Pa 348, 92 A 312, Ann Cas 1916D 570.

This right to purchase ripens into a contract on the acceptance of the option. 55 Am Jur 514, Vendor and Purchaser; Northern Illinois Coal Corp. v. Cryder, 361 Ill 274, 197 NE 750, 101 ALR 1420; 66 CJ 486. Then the optionee first acquires an interest in the land and according to the terms of that completed contract both parties then acquire a right to enforce that contract.

"A contract is made at the time when the last act necessary for its formation is done." Am L Inst Restatement, Contracts,

Vol 1, § 74. The date when a contract becomes a legal binding obligation is the date of its final execution. Walker v. Mc-Kemie, 44 Okla 468, 145 P 359.

In the case at bar there was in no event a contract of purchase and sale of the property until the plaintiff had exercised the option to purchase. Obviously, there was in any event no "conveyance or encumbrance" to the plaintiff until he had accepted the option and thus made the contract. Under no circumstances could the above mentioned statute of limitations begin to run until the time plaintiff sought to exercise the option and make a contract. It was on August 28, 1946, that the plaintiff claims to have accepted the option. The defense of homestead rights in the property was interposed on November 18, 1946, less than three months after plaintiff sought to exercise the option and create a contract. Clearly the defense of homestead was not barred.

The judgment of the District Court is affirmed.

CHRISTIANSON, Ch. J., BURKE and NUESSLE, JJ., and THOM, District Judge, concur.

On Petition for Rehearing.

GRIMSON, District Judge. The plaintiff petitioned for a rehearing, asking further consideration of two points. First, that the defendant had the right as the head of the family to change his residence; that he did so and abandoned his homestead. Second, that the defense interposed is not available to the defendant.

As to the first, we have again reviewed the evidence and do not find that any inference can be reasonably drawn therefrom to the effect that the defendant intended to establish a residence in any of the camps and apartments occupied by his family while he was in the service. Sec. 54–0126 ND Rev Code 1943 provides: "The residence can be changed only by the union of act and intent." and "A residence cannot be lost until another is gained." Actually, defendant did not make any change of

legal residence. Even assuming the option signed by him indicated an intention to change his residence and some time in the future establish a new home somewhere else that time never came as he returned and attempted to repossess the premises before the plaintiff tried to exercise his option. We adhere to our original conclusion that abandonment of the homestead has not been shown.

Neither does the right of the husband to establish a new residence deprive the wife of her homestead right in the old home if she so desires. She may go to the new residence to avoid desertion and still maintain her intention to retain her homestead rights in the old home. The actual presence of the wife is not required for the preservation of the homestead right. Rosholt v. Mehus, 3 ND 513, 57 NW 783, 23 LRA 239; Swingle v. Swingle, 36 ND 611, 162 NW 912; Waples, Homestead & Exemptions 582. "The wife may consent to renting the homestead and voluntarily accompany her husband to another state without losing her rights in the homestead, so that the husband can sell it without her consent." Long v. Talley, 84 Okla 38, 201 P 990. There are authorities to the contrary but the principle here laid down is more in accordance with the purposes of the homestead law. Any other interpretation would make the homestead right of little value to the wife.

As to the second point, the defense interposed is the invalidity of the option contract. That the premises are a homestead is asserted merely as ground for the invalidity. The invalidity of the option contract is a defense directly in bar of the claim of the plaintiff and is available to the defendant. 41 Am Jur 380, Pleading; 49 CJ 245. "According to the weight of authority a conveyance or encumbrance of the homestead property by only one of the spouses is invalid and ineffectual in the sense that the invalidity thereof may be taken advantage of by either the husband or wife, or by a third person, as if no deed had been executed." 26 Am Jur 82, Homestead, § 130.

"Under the general rule that the husband alone cannot, sell or encumber his dedicated homestead, all alienation of it

in any form by his act, when the property itself is not liable in rem, is absolutely void, not only as to the rights of his wife, who does not join him in the deed, and as to the children, to whom the law gives the protection of shelter and the comforts of a habitation, but also as to himself. His act is a nullity, and he escapes the consequences which would follow it so far as his own right and title is concerned but for the equitable rights and interests of his family. His deed or contract is as though it was never written or designed." Waples, Homestead & Exemptions 383.

See also Martin v. Harrington, 73 Vt 193, 50 A 1074, 87 Am St Rep 710.

The petition for rehearing is denied.

CHRISTIANSON, Ch. J., NUESSLE and BURKE, JJ., and THOM, District Judge, concur.