# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

_____

No. 10-6042

_____

In re:                                          *
                                                *
Lawrence D. Danduran, Jr.,                      *
                                                *
        Debtor.                                 *
                                                *
Lawrence D. Danduran, Jr.,                      *
                                                *  Appeal from the United States
        Debtor – Appellant,                     *  Bankruptcy Court for the
                                                *  District of North Dakota
        v.                                      *
                                                *
Kip M. Kaler, Chapter 7 Trustee for the         *
Estate of Lawrence Danduran, Jr.,               *
                                                *
        Defendant – Appellee.                   *

_____

Submitted: November 4, 2010
Filed: November 23, 2010 (corrected November 23, 2010)

_____

Before FEDERMAN, VENTERS, and SALADINO, Bankruptcy Judges.

_____

VENTERS, Bankruptcy Judge.

The Debtor appeals the bankruptcy court's order sustaining the Trustee's objection to a portion ($7,700) of the Debtor's homestead exemption. For the reasons set forth below, we reverse.

# I.  STANDARD OF REVIEW

Findings of fact are reviewed for clear error, and legal conclusions are reviewed de novo.[1] A bankruptcy court's denial of a claim of exemption is a final, appealable order.[2]

# II.  BACKGROUND

On September 15, 2009, the Debtor sold his homestead for $225,000.  From the proceeds, the Debtor paid $140,860.38 to satisfy a mortgage held by Washington Mutual and deposited $83,139.62 into a savings account he established for the specific purpose of receiving the proceeds of his homestead.  The only other money placed in the account was $1,000 from the buyers' down payment and $3,079.04 Washington Mutual refunded from his escrow account.  Thus, the entire balance of the Debtor's savings account – $87,501.55 – constituted proceeds of the Debtor's homestead.[3]

On December 31, 2009, the Debtor filed a voluntary petition for Chapter 7 bankruptcy relief in the Bankruptcy Court for the District of North Dakota.  The Debtor claimed a homestead exemption pursuant to N.D. Cent. Code § 28-22-02(7) in the entire $87,501.55 in his savings account.  The Chapter 7 trustee, Kip Kaler ("Trustee"), objected to this exemption claim, asserting that $7,700 of the money in his savings account wasn't exempt because those funds were proceeds of certain non-exempt personal property[4] included in the sale of Debtor's homestead.

---

[1] *In re Waterman*, 248 B.R. 567, 570 (B.A.P. 8th Cir. 2000).

[2] *In re McGowan*, 226 B.R. 13, 16 (B.A.P. 8th Cir. 1998).

[3] Based on the figures stated by the parties, the balance of the account would be slightly less ($87,218.66), but no issue has been made of this discrepancy.

[4] A pool table, hot tub, washer, dryer, deck patio furniture, barbecue grill, theater seating, mirror, area rub, wreaths, audio equipment, chair and ottoman, mission style table, and coffee table.

The bankruptcy court held an evidentiary hearing on the Trustee's objection on May 26, 2010, at which time the Debtor testified that the personal property was included in the sale only at the buyers' request and that no value was attributed to it. The Debtor's testimony was uncontradicted and corroborated by the real estate contract which did not apportion any of the purchase price to the personal property.

At the conclusion of the hearing, the Bankruptcy Court found that $7,700 of the money in the Debtor's savings account constituted proceeds from the sale of personal property and were therefore not exempt as proceeds from his homestead. This appeal ensued.

### III. DISCUSSION

The Debtor's primary argument on appeal is that the Trustee's objection should have been overruled because, in the absence of any evidence or allegation that he intended to hinder, delay, or defraud his creditors, the Debtor's alleged sale of the personal property was a permissible conversion of non-exempt assets into exempt homestead proceeds.[5] In other words, to the extent any proceeds from the sale of his home are attributable to the personal property,[6] the Debtor maintains that those proceeds went to the mortgage lender, thereby increasing the amount of equity the Debtor could claim as exempt under N.D. Cent. Code § 47-18-01.

---

[5] The Debtor also argues that certain items the bankruptcy court considered personal property (*i.e.*, the hot tub and the pool table) constituted fixtures under North Dakota law and, therefore, were real property unquestionably covered by his homestead exemption. Because we reverse on other grounds, we do not need to reach this issue, although we note that we are unpersuaded that the hot tub and pool tables were, in fact, fixtures.

[6] The Debtor testified that neither he nor the buyers attributed any value to the personal property and did not adjust the sale price when the personal property was included in the sale. The real estate contract did not apportion any part of the sale price to the personal property.

3

The Trustee counters here, as he did at trial, that the non-exempt proceeds of the personal property were not converted into exempt homestead proceeds because the Debtor did not indicate his intent to engage in such pre-bankruptcy planning at the time of the transaction. We disagree.

As with most exemptions, the North Dakota homestead exemption is to be construed liberally in favor of a debtor.[7] And under North Dakota law, the proceeds from the sale of a homestead are exempt to the same extent as the homestead.[8]

In view of these principles and the Eighth Circuit's permissive approach to non-fraudulent, pre-bankruptcy planning,[9] we find the Debtor's establishment of a savings account for the specific purpose of depositing the proceeds of his homestead and his subsequent deposit into that account of the proceeds from the personal property

---

[7] *See e.g.*, *Larson v. Cole*, 33 N.W.2d 325, 328-29 (N.D. 1948).

[8] *Farstveet v. Rudolph ex. rel. Eileen Rudolph Estate*, 630 N.W.2d 24, 30 n.1 (N.D. 2001). *See generally* N.D. Cent. Code § 47-18-16 (stating that the proceeds of a sale beyond the amount necessary to satisfy a lien, and not exceeding the amount of the homestead exemption, are entitled to the same protection against legal process as the law gives to the homestead).

[9] *Hanson v. First Nat'l Bank*, 848 F.2d 866, 868 (8th Cir. 1988) ("It is well established that a debtor's conversion of non-exempt property to exempt property on the eve of bankruptcy for the express purpose of placing that property beyond the reach of creditors, without more, will not deprive the debtor of the exemption to which he otherwise would be entitled."). *See also In re Addison*, 540 F.3d 805, 813 (8th Cir. 2008); *In re Ladd*, 450 F.3d 751, 755 (8th Cir. 2006) (citation omitted) ("Maximization of exemptions, especially the homestead exemption, is a fundamental policy of the Bankruptcy Code. . . ."); *Norwest Bank Nebraska, NA v. Tveten*, 848 F.2d 871, 873-74 (8th Cir. 1988) ("It is well established that under the Code the conversion of non-exempt to exempt property for the purpose of placing the property out of the reach of creditors, without more, will not deprive the debtor of the exemption to which he otherwise would be entitled.").

(allegedly) sold with his homestead sufficient indicia of his intent to convert non-exempt personal property into exempt, homestead property. Because the record is devoid of any contrary evidence or evidence that the Debtor acted with fraudulent intent when he converted non-exempt property into exempt property, the Debtor is entitled to claim the entire $87,501.55 in his savings account as his homestead exemption claim.

## CONCLUSION

For the reasons stated above, we reverse the bankruptcy court's order sustaining the Trustee's objection to the Debtor's homestead exemption claim.

---

5