IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

MYRNA AZAR,                              )
                                        )
            Plaintiff,                   )      TC-MD 090639C
                                        )
      v.                                 )
                                        )
DEPARTMENT OF REVENUE,                   )
State of Oregon,                         )
                                        )
            Defendant.                   )      **DECISION**

Plaintiff has appealed to this court seeking a deferral of the property taxes for the 2009-

10 tax year on certain real property she owns in the Oregon Coast in the city of Newport.  The

property is identified in the Lincoln County assessor's records as Account R199172.

Trial in the matter was held in the courtroom of the Oregon Tax Court January 23, 2012,

following the court's issuance of an Order July 6, 2011, denying Plaintiff's Motion for Summary

Judgment.  That order set out in some detail the statutory framework applicable to tax deferral

program.  Accordingly, only the pertinent statutory provisions and salient facts adduced at trial

are set forth in this Decision.

## I.  STATEMENT OF FACTS

A.      *History of Tax Deferral for the Subject Property*

Plaintiff filed a claim for deferral for the 2007-08 tax year in April 2007.  Defendant

approved that claim by letter dated May 31, 2007.  (Ptf's Compl at 2-4.)  Later that year Plaintiff

sent a letter to Defendant requesting "to withdraw from the Tax-Deferred program."  (*Id*. at 5.)

Defendant apparently granted that request.

Plaintiff filed another deferral claim with Defendant in April 2008 and, on August 4,

2008, Defendant sent Plaintiff a letter reactivating the account and granting the deferral for the

2008-09 tax year.  (*Id*. at 7.)

On January 13, 2009, Defendant sent Plaintiff a notice disqualifying the property from the "Property Tax Deferral Program." (Ptf's Compl at 10-11.) Plaintiff apparently reapplied for deferral on or about April 10, 2009. (Ptf's Ex 2.) Defendant subsequently denied that application by notice issued May 20, 2009. (Ptf's Amended Compl at 2.) Plaintiff timely appealed that denial to this court.

The applications and approvals all reflect Plaintiff's former husband's address in Portland (2261 Southeast 110th Avenue), as does Plaintiff's Complaint and Amended Complaint filed with the court in 2009.

B.    *Facts about Plaintiff and the Property*

Plaintiff is over 70 years old and in poor health. (Ptf's Compl at 1.) Her annual income is less than $8,500. *Id.* Plaintiff has owned the subject property since sometime in the 1970s. She acquired the property after her parents passed away.

Plaintiff has an adult son Roger, born in November 1967, who allegedly suffers from agoraphobia.[1] In 1968, Plaintiff married Raji Azar (Raji), but, according to her testimony, the couple divorced in 1986. After the divorce, Plaintiff moved out of the couple's home on 2261 Southeast 110th Avenue, Portland, and into another home they owned on Southeast 92nd Street in Portland. Plaintiff testified that "sometime later" Raji sold the home on Southeast 92nd Street, and that she then moved back in to Raji's home on 110th Avenue. Plaintiff further testified that, at that point, there was a finished room in the basement where she stayed. Plaintiff owned the

---

[1] Although it appears likely that the son has agoraphobia, the evidence is less than conclusive. For example, Plaintiff submitted an affidavit signed by a physician that states Plaintiff has been her patient since February 2000 and that "[i]t has been noted in [Plaintiff's] medical history that she has one adult child, and that this adult son (a Portland resident) has had symptoms consistent with a mental disorder of severe agoraphobia, requiring her continued care/assistance." (Ptf's Ex 3.) Plaintiff also submitted a declaration signed by her son, Roger Azar (Roger), that states that, "for reasons of []health" his mother Myrna Azar "must help care for [him]," and that, "[i]n 2009, [he] was generally unable to leave the house." (Ptf's Ex 5.) That declaration further states that Roger "relied on [his] mother to buy groceries, run errands and take care of other tasks to ensure [he] was taken care of." (*Id.*) there is also a declaration made by Roger's father – Plaintiff's former husband – Raji Azar, stating that his son is agoraphobic. (Ptf's Ex 6.) Finally, Plaintiff testified to her son's condition. However, there is no evidence that the physician had ever actually diagnosed or treated Roger for agoraphobia or otherwise substantiated that condition. And, there is no evidence that any of the other individuals is qualified to render a diagnosis of agoraphobia.

property in Newport during that entire time period. Plaintiff testified that Roger has lived with his father in Portland for many years. According to her testimony, the reason Plaintiff stayed primarily in her former husband's home in Portland for more than 20 years after the couple divorced was because she needed to care for her adult son Roger, who "at times" cannot care for himself because of his medical problem(s).

There are two structures on the property. One is used for the storage of seashells and the other is the residence. Plaintiff testified at trial that the home currently needed a new roof, sheet rock in the living room, dining room, and kitchen, and that the home needed "electrical work." Plaintiff further testified that the home was in that condition on January 1, 2009. Importantly, when questioned specifically about her use of the home, Plaintiff testified that she had not slept in the house at all in the past ten years. Moreover, the property had no electricity for at least as far back as 2001. Plaintiff acknowledged that fact during trial. Plaintiff testified that she obtained electricity from neighbors by use of a string of electrical extension cords. At trial Plaintiff testified that she spent "most of her time over the last few years" in Portland taking care of her adult son Roger.

Plaintiff testified that she "occasionally visited the [Newport] house," which is the home for which Plaintiff is seeking tax deferral, but that, when she was there, she stayed in a truck parked in the driveway for many years and several years ago began staying in a Mercedes recreational vehicle (RV) that was parked in the driveway until it was towed away by the city of Newport in January 2010. Plaintiff also acknowledged at trial that photographs submitted by Defendant as Exhibit A accurately depicted the condition of the home, although she questioned when the pictures were taken. Those pictures depict a home in a seriously dilapidated condition, with little or no furniture, accumulated garbage, and plywood nailed over the windows.

/ / /

/ / /

DECISION  TC-MD 090639C                                                                 3

## II.  ISSUE

Although the property must be the taxpayer's "homestead" in order to qualify for tax deferral, is Plaintiff, who has not lived in the home for at least ten years, nonetheless entitled to deferral under ORS 311.670(1),[2] which provides an exception where "an individual [is] required to be absent from the homestead by reason of health?"

## II.  ANALYSIS

Oregon has a property tax program that allows qualifying taxpayers to defer the property taxes on their homestead, provided they meet the age or disability requirements, as well as the household income requirements (indexed annually), and file a timely claim for deferral.  *See generally* ORS 311.668.

One of the requirements of the property tax deferral program is that the property be the "homestead" of the individual who files the claim for deferral.  ORS 311.668(1)(a) (providing generally for the deferral of property taxes on a qualifying individual's "homestead") and ORS 311.670(1) (requiring that "[t]he property must be the homestead of the individual or individuals who file the claim for deferral").

ORS 311.666(2), in relevant part, defines "[h]omestead" as "the owner occupied principal dwelling, either real or personal property, owned by the taxpayer and the tax lot upon which it is located."    A plain reading of that statute requires that the property must be: 1) owner occupied, and 2) the taxpayer's principal dwelling.

Finally, while the requirements for entitlement to deferral generally require that the property be the "homestead" of the individual filing the claim, there is a statutory exception "for an individual required to be absent from the homestead by reason of health."  ORS 311.670(1).

All of those provisions were set forth by this court in its July 2011 Order.  That Order made two critical rulings.  First, the court ruled that the habitability of Plaintiff's Newport home

---

[2] Unless noted otherwise, all references to the Oregon Revised Statutes (ORS) are to 2007.

was relevant to a determination of whether the property qualified for tax deferral. (Order at 5, July 6, 2011.) Second, in denying Plaintiff's summary judgment motion, the court concluded that the matter would move forward to trial for the presentation of evidence on the question of "whether * * * Plaintiff's absence from the property fits within the 'by reason of health' exception in the * * * statute." (*Id*. at 10.)

In at least some instances, this case being one of them, the habitability of the homestead is a critical element to entitlement to tax deferral. That is because the health exception requires that the taxpayer "be absent *from the homestead*." ORS 311.670(1) (emphasis added). It must be remembered that the deferral of taxes is on the homestead.

The testimony presented by Plaintiff at trial demonstrates overwhelmingly that the subject property was not Plaintiff's homestead because it was not habitable. Plaintiff spent most of her time for at least the ten years prior to the applicable January 1, 2009, assessment date living primarily in Portland, and only occasionally visiting the subject property in Newport (the purported homestead). When questioned by the court, counsel for Plaintiff argued that a taxpayer must only live on the property in order to qualify for the deferral, and that the taxpayer could live in a tent and meet the definition of homestead. Counsel argued that the only requirements under the law were that the taxpayer have a homestead, that the taxpayer live on the property, and that the health exception applied to individuals other than the taxpayer; in this case Plaintiff's adult son, entitling a property owner who otherwise qualifies for deferral to the deferral of taxes if away from the homestead by reason of health.

Plaintiff's counsel cites a number of cases in his trial memorandum where courts have extended the deferral to taxpayers absent from their homestead for a number of years, in some instances due to the health problems of a family member. *See*, *e.g*., *De Haven & Son Hardware Co. v. Schultz*, 122 Or 493, 259 P 778 (1927); *Kenley v. Hundelson*, 99 Ill 493 (1881). Those cases are not on point because the individuals in those cases had habitable homes whereas

Plaintiff in the instant case does not. Plaintiff's reliance on *Sterrett v. Hurlburt*, 129 Or 520 (1929), is similarly misplaced because the home it that case was habitable and the taxpayers' absence was for a lesser period of time than Plaintiff's absence in this case, and the court in *Sterrett* was persuaded that the taxpayers intended to return to their home. While Plaintiff insists that she too intends to return to the Newport home, the problem is not with her intent, but rather with the fact that the Newport home was not habitable for as many as 20 years. Plaintiff testified that the home was vandalized and that she had taken out a loan to repair the home so that she could move back into it. Plaintiff argues that she has had to leave her home for periods of time but always intended to return, and that she never "moved out" of her home. (Ptf's Trial Memo at 6.) The testimony simply does not support that claim.

### III. CONCLUSION

The court concludes that, for tax year 2009-10, Plaintiff was not entitled to the property tax deferral provided in ORS 311.666 to ORS 311.701 because the property at issue, Lincoln County assessor's Account R199172, was not her homestead for the reasons explained above. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.

Dated this ____ day of March 2012.

_____
DAN ROBINSON
MAGISTRATE

*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This document was signed by Magistrate Dan Robinson on March 27, 2012. The Court filed and entered this document on March 27, 2012.*

DECISION  TC-MD 090639C                                                                                       6